DAVIS, Senior Circuit Judge,
concurring:
I join in full Judge King’s excellent opinion. I write to express my agreement with one thoughtfully-expressed and eminently correct observation by the district court: Although modern piracy is a genuine, life-threatening scourge, not all piracy offenses are equal in severity, in heinousness, and in the dire consequences visited on innocent seafarers. Nor are all those who participate in such offenses deserving of life in prison as the sole conceivable “rational” punishment.* The civilized world knows this. The United States of America knows this too, but has not yet elected to act on that knowledge. Accordingly, because we are not legislators, and as Judge King demonstrates, because the Constitution has remarkably little to say about severe, but non-capital, criminal punishments, our hands are tied.
Perhaps, in the fullness of time, Congress will act on the certain knowledge we all share about criminal offenses and their punishments, and thereby empower federal district judges (and not simply federal prosecutors) with discretion to fashion *201 more individualized punishments in this small corner of federal criminal justice.

 Indeed, in this case, Mr. Ibrahim, who was "the group's leader” and who “led the new mission,” ante at 187, would seem to have earned a life sentence. But he avoided that fate through the magic of "substantial assistance” and the fiction of "acceptance of responsibility,” the coins of the federal prosecutorial realm. The inference is unavoidable that it is not really those who participate in piracy who receive a life sentence upon conviction (as we imagine Congress might believe), but rather those who are convicted after electing to go to trial.